COHEN, J.,
concurring.
Dontay Reddick shot Cordell Powell twice, nearly killing him. Powell underwent extensive surgery and was in critical condition. As a result of the shooting, he lost a kidney.
There are two ways the State could have charged Reddick with aggravated battery. It could have alleged he intentionally caused great bodily harm, or used a deadly weapon in the commission of a battery. Those theories could have been pled in the alternative. Given that he discharged a firearm and a jury could find great bodily harm, Reddick faced mandatory minimum sentencing under section 775.087(2)(a), Florida Statutes, (commonly known as the “10-20-Life Statute”). However, the State attempted to charge the aggravated battery under section 775.087(1) so it could utilize the sentencing reclassification. This presented certain problems.
The State could not allege battery committed with a deadly weapon because the firearm would have been an essential element of the charged offense, rendering section 775.087(1) inapplicable. Instead, the State alleged that Reddick intentionally and knowingly caused great bodily harm, permanent disability, or permanent disfigurement, citing section 784.045(l)(a). It further alleged that in the course of committing the aggravated battery, Red-dick carried, displayed, used, threatened, or attempted to use a weapon or firearm, citing section 775.087(1). It is obvious the State intentionally avoided charging Red-dick with aggravated battery through the use of a deadly weapon. However, when the trial court reviewed the proposed jury instructions, the State made no effort to correct the erroneous instruction, despite having drafted an information with a specific goal in mind. This is not a case where the defense was on notice of the charge, despite an inartfully drafted information or indictment. I agree that reversal for a new trial is required.